T.C. Summary Opinion 2002-118


UNITED STATES TAX COURT


NATHAN JARAMILLO AND DAVINA METZGAR, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 1224-01S.          Filed September 13, 2002.


Nathan Jaramillo and Davina Metzgar, pro se.

Dennis R. Onnen, for respondent.


COUVILLION, Special Trial Judge:  This case was heard pursuant to section 7463 of the Internal Revenue Code in effect at the time the petition was filed.[1]  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

_____

[1]     Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the years at issue.  All Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined deficiencies of $758, $1,710, and $3,593 in petitioners' Federal income taxes, respectively, for 1997, 1998, and 1999, an addition to tax under section 6651(a)(1) in the amount of $86 for 1998, and penalties under section 6662(a) in the amounts of $152, $342, and $719 for 1997, 1998, and 1999, respectively.

Some of the facts were stipulated, and those facts, with the annexed exhibits, are so found and are incorporated herein by reference. At the time the petition was filed, petitioners' legal residence was Albuquerque, New Mexico.

The issues for decision are: (1) Whether petitioners are entitled to deductions for expenses incurred in a trade or business activity during 1999; (2) whether petitioners are liable for the addition to tax under section 6651(a)(1) for 1998; and (3) whether petitioners are liable for the accuracy-related penalties under section 6662(a) for each of the years in question. In addition, the Court considers the applicability of section 6673(a) to the facts of this case.

For the 3 years in question, petitioners itemized their deductions on Schedule A, Itemized Deductions, of their returns. In the notice of deficiency, respondent disallowed, for each of the years in question, their itemized deductions for charitable contributions and miscellaneous deductions, including unreimbursed employee expenses and tax preparation fees. As a

result of these adjustments, petitioners' remaining itemized deductions for each of the years in question were less than the standard deduction allowable under section 63(c); consequently, respondent allowed petitioners the standard deduction for each year. At trial, petitioners agreed that the disallowed deductions claimed on their returns exceeded the actual amounts they had incurred for contributions and miscellaneous expenses and further agreed that the actual amounts they had incurred in these two categories together with the other allowed deductions would total less than the standard deduction for each year. Petitioners, therefore, conceded respondent's adjustments to their itemized deductions for the 3 years in question.

Petitioners were both employed in the years at issue at the Isleta Casino and Resort near Albuquerque, New Mexico. In addition, only for the year 1999, petitioners were engaged in a trade or business activity that they described as a multilevel marketing activity involving sales of a health drink. The activity was discontinued after 1 year.

The first issue addresses petitioners' multilevel sales activity. On their 1999 Federal income tax return, petitioners reported income and deducted expenses relating to this activity on a Schedule C, Profit or Loss From Business, as follows:

| Gross receipts | | $2,599 |
|---|---|---|
| Expenses: | | |
| Car and truck | $1,067 | |
| Office expenses | 2,147 | |
| Supplies | 3,874 | |
| Travel | 1,780 | |
| Meals and entertainment | 178 | |
| Utilities | 762 | 9,808 |
| Loss | | $7,209 |

In the notice of deficiency, respondent disallowed the deductions for all the expenses for lack of substantiation.

Petitioners did not maintain books and records of their income and expenses related to this activity. At trial, they presented what appears to be a computer printout of transactions involving their distributors along with copies of bank statements reflecting deposits and checks issued. This information does not present a complete or even a partial picture of the operation. It appears, from these records, that the sales activity operations were commingled with petitioners' personal transactions. Petitioners produced no records that would substantiate any of the deductions claimed, nor were any logs maintained to support the travel and meals and entertainment expense deductions claimed.

Section 162(a) allows a deduction for the ordinary and necessary expenses paid or incurred during the taxable year in carrying on a trade or business. A taxpayer is required to maintain records sufficient to establish the amount of income and

expenses incurred in connection with a business activity. Sec. 6001; sec. 1.6001-1(a), Income Tax Regs. Moreover, in the case of travel expenses and certain other expenses, such as entertainment, gifts, and the use of listed properties under section 280F(d)(4)(A), section 274(d) imposes stringent substantiation requirements to document more particularly the nature and amount of such expenses. Petitioners' records that were submitted into evidence do not suffice to substantiate the expenses claimed on their returns, including those expenses that would be subject to section 274(d). The Court recognizes that petitioners realized gross income of $2,599 and certainly incurred some expenses in the production of those gross receipts. Except for expenses that are subject to substantiation under section 274(d), where the Court is satisfied that expenses were incurred in the production of income but the taxpayer has not established the amount of the deduction, the Court is allowed to estimate an allowable amount. Cohan v. Commissioner, 39 F.2d 540 (2d Cir. 1930). Pursuant to Cohan, the Court allows petitioners a deduction of $450 for expenses related to their trade or business activity for 1999. In all other respects, respondent is sustained on this issue.

With respect to the second issue, the addition to tax under section 6651(a)(1) for 1998, petitioners agreed that their return for that year was not filed timely, and they presented no

evidence that they had applied for or had been granted an extension for the late filing of their return. Although petitioners knew that their return had not been filed timely, they were not concerned because their returns reflected an overpayment of taxes. Section 6072(a) provides that income tax returns must be filed on or before the 15th day of April following the close of the taxable year, subject to exceptions not applicable here, unless the failure to file timely is due to reasonable cause and not due to willful neglect. Petitioners' belief at the time their return was filed that they had overpaid their taxes does not constitute reasonable cause for a late filing on a deficiency subsequently determined by respondent. E.g., Hintze v. Commissioner, T.C. Memo. 2001-70. Respondent, accordingly, is sustained on this issue.

With respect to the accuracy-related penalties under section 6662(a), petitioners contend they should be absolved of liability for the penalties because they relied on their income tax return preparer. Petitioners' returns were prepared by Robin Beltran.[2]

Section 6662(a) provides for an accuracy-related penalty equal to 20 percent of any portion of an underpayment of tax required to be shown on the return that is attributable to the taxpayer's negligence or disregard of rules or regulations. Sec.

---

[2] This case is one of numerous cases heard by the Court involving tax returns prepared by Mr. Beltran.

6662(a) and (b)(1).  Negligence consists of any failure to make a reasonable attempt to comply with the provisions of the Internal Revenue Code, and disregard consists of any careless, reckless, or intentional disregard.  Sec. 6662(c).  The courts have refined the Code definition of negligence as a lack of due care or failure to do what a reasonable and prudent person would do under similar circumstances.  Allen v. Commissioner, 925 F.2d 348, 353 (9th Cir. 1991), affg. 92 T.C. 1 (1989).  Section 1.6662-3(b)(1), Income Tax Regs., provides that "Negligence is strongly indicated where * * * a taxpayer fails to make a reasonable attempt to ascertain the correctness of a deduction * * * on a return which would seem to a reasonable and prudent person to be 'too good to be true' under the circumstances".

An exception applies when the taxpayer demonstrates (1) there was reasonable cause for the underpayment, and (2) the taxpayer acted in good faith with respect to the underpayment. Sec. 6664(c).  Whether the taxpayer acted with reasonable cause and in good faith is determined by the relevant facts and circumstances.  The most important factor is the extent of the taxpayer's effort to assess the proper tax liability. Stubblefield v. Commissioner, T.C. Memo. 1996-537; sec. 1.6664-4(b)(1), Income Tax Regs.  Under section 1.6664-4(b)(1), Income Tax Regs., "Circumstances that may indicate reasonable cause and good faith include an honest misunderstanding of fact or law that

is reasonable in light of all of the facts and circumstances, including the experience, knowledge, and education of the taxpayer."  Moreover, a taxpayer is generally charged with knowledge of the law.  Niedringhaus v. Commissioner, 99 T.C. 202, 222 (1992).  Although a taxpayer is not subject to the addition to tax for negligence where the taxpayer makes honest mistakes in complex matters, the taxpayer must take reasonable steps to determine the law and to comply with it.  Id.

Under certain circumstances, a taxpayer may avoid the accuracy-related penalty for negligence where the taxpayer reasonably relied on the advice of a competent professional.  Sec. 1.6664-4(b)(1), Income Tax Regs.; see sec. 6664(c); Freytag v. Commissioner, 89 T.C. 849, 888 (1987), affd. 904 F.2d 1011 (5th Cir. 1990), affd. 501 U.S. 868 (1991).  However, reliance on a professional adviser, standing alone, is not an absolute defense to negligence; it is only one factor to be considered.  In order for reliance on a professional adviser to relieve a taxpayer from the negligence penalty, the taxpayer must establish that the professional adviser on whom he or she relied had the expertise and knowledge of the relevant facts to provide informed advice on the subject matter.  Freytag v. Commissioner, supra at 888.

Petitioners made no effort to ascertain the professional background and qualifications of their return preparer.  They

knew that their claimed deductions were not based on the amounts they actually expended. That circumstance should have prompted petitioners to determine whether such representations by their return preparer were correct. They did not consult other tax professionals to verify the accuracy of the returns prepared by Mr. Beltran or the representations he made to them regarding their deductions. The Court is satisfied from the record that Mr. Beltran knew, or had reason to know, all the relevant facts upon which, had he been a qualified professional, he could have accurately advised petitioners on the amount of their allowable deductions. Mr. Beltran listed unrealistic amounts as deductions on petitioners' returns, which they conceded at trial. Petitioners knew they were required under the law to substantiate deductions claimed on their returns. The circumstances should have prompted them to look beyond and ascertain the accuracy of their preparer's representations. Petitioners, therefore, made no effort to assess their tax liabilities correctly. On this record, the Court sustains respondent on the section 6662(a) accuracy-related penalties for the years in question.

Section 6673(a) authorizes the Court to require a taxpayer to pay to the United States a penalty not exceeding $25,000 when, in the Court's judgment, proceedings have been instituted or maintained by the taxpayer primarily for delay or where the taxpayer's position in the proceeding is frivolous or groundless.

At trial, petitioners recognized that their disallowed itemized deductions were false and could not be sustained.  They conceded those adjustments.  Petitioners knew that they could deduct only amounts that they had actually paid.  They made no attempt to determine the qualifications of their return preparer and, moreover, did not seek other professional advice to satisfy the accuracy of their returns.  Petitioners cited no legal authority to the Court that, under similar facts, would exonerate them from the penalties under section 6662(a).  Prior to Mr. Beltran's preparation of petitioners' returns, petitioners prepared drafts of their returns, which they presented to Mr. Beltran.  On these drafts, petitioners did not claim itemized deductions.  Mr. Beltran's arrangement with petitioners was that his tax preparation fees would be 10 percent of the refunds calculated on the returns prepared by him to the extent such refunds exceeded the refunds calculated by petitioners on the drafts of their returns.  Mr. Beltran represented to petitioners that records were not necessary to substantiate deductions, and they were entitled to deductions based on a percentage of their income.  He further advised petitioners not to respond to inquiries of respondent with regard to their returns, including respondent's counsel in preparation of this case for trial.  Petitioners adhered to that advice and only in the few days before trial did they submit one document that was grossly inadequate to

substantiate expenses claimed on the returns.  The notice sent to petitioners from the Court setting this case for trial called to the parties attention the requirement that the parties contact each other promptly and cooperate fully in the preparation and presentation of the case.  Petitioners' failure to do this, pursuant to Mr. Beltran's advice, satisfies the Court that petitioners instituted and maintained this proceeding primarily for delay.

The function of this Court is to provide a forum to decide issues relating to liability for Federal taxes.  Any reasonable and prudent person, under the facts presented to the Court, should have known that petitioners' claimed deductions could not have been sustained, and petitioners knew that.  This Court does not and should not countenance the use of this Court as a vehicle for disgruntled litigants to proclaim the wrongdoing of another, their return preparer, as a basis for relief from penalties that were determined by respondent on facts that clearly are not sustainable.  Golub v. Commissioner, T.C. Memo. 1999-288. Petitioners, therefore, have interfered with the Court's function to the detriment of other parties having cases with legitimate issues for the Court to consider.  Petitioners have caused needless expense and wasted resources, not only for the Court, but for its personnel, respondent, and respondent's counsel. Under these circumstances, the penalty under section 6673 is

warranted, and petitioners will be ordered to pay a penalty of $500 to the United States under section 6673(a).

Reviewed and adopted as the report of the Small Tax Case Division.

Decision will be entered under Rule 155.